UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY LEE PERKINS, JR.,

                              Plaintiff,

          -against-                                           25-CV-5166 (CS)

CORRECTION OFFICER RODRIGUEZ;                        ORDER OF SERVICE
SUPERINTENDENT MICHAEL DAYE;
COMMISSIONER DANIEL F.
MARTUSCELLO, III,

                              Defendants.

CATHY SEIBEL, United States District Judge:

          Plaintiff, who currently is incarcerated at Fishkill Correctional Facility, brings this action,

*pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By

order dated June 25, 2025, the court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[1] Plaintiff names as Defendants Correction Officer

Rodriguez; Michael Daye, the Superintendent of Fishkill Correctional Facility; and Daniel F.

Martuscello III, the Commissioner of the Department of Corrections and Community

Supervision. As set forth in this order, the Court directs the Clerk of Court to effect service on

Defendants. The Court also denies Plaintiff's request for the appointment of *pro bono* counsel,

without prejudice to renewal at a later date. Local Civil Rule 33.2 applies to this case.

----

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**B.    *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**C.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's application seeking the appointment of *pro bono* counsel (ECF 7), without prejudice. The Court directs the Clerk of Court to terminate this motion.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this case.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    July 29, 2025
           White Plains, New York

                                    CATHY SEIBEL
                            United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.  Officer Rodriguez
    Fishkill Correctional Facility
    18 Stack Drive
    Beacon, NY 12508

2.  Superintendent Michael Daye
    Fishkill Correctional Facility
    18 Stack Drive
    Beacon, NY 12508

3.  Commissioner Daniel F. Martuscello III
    Department of Corrections and Community Supervision
    Harriman State Office Campus
    1220 Washington Avenue #9
    Albany, New York 12226-2050