UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY LEE PERKINS, JR.,

               Plaintiff,

      -against-

CORRECTION OFFICER RODRIGUEZ; *et al.*,

               Defendants.

25-CV-5166 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), brings this action under 42 U.S.C. § 1983. By order dated June 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

In his original complaint, Plaintiff alleged that Correction Officer Rodriguez assaulted him and poisoned his food; that he was denied medical care; and that he alerted Fishkill Superintendent Daye and New York State Department of Corrections and Community ("DOCCS") Commissioner Martuscello of these matters, but they took no action. (ECF 1.) By order dated January 16, 2026, the Court granted Plaintiff leave to amend his complaint, and directed Defendants to file a motion to dismiss if Plaintiff did not file an amended complaint by February 9, 2026. (ECF 23.) No amended complaint was filed in this case, and on March 30, 2026, Defendants filed a notice of motion to dismiss and a supporting memorandum of law. (ECF 27-28.)

Unbeknownst to the Court, Plaintiff filed an amended complaint that was received in the clerk's office on January 28, 2026. However, Plaintiff did not put a docket number on it, and it

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

was opened as a new civil action and assigned a new case number. *See Perkins v. Stevenson*, No. 26-CV-0934.

By order dated April 3, 2026, Chief Judge Swain directed that the amended complaint filed in that action be docketed as an amended complaint in this action, and that that new action be dismissed without prejudice. *Id.*, ECF 7. That amended complaint is now the operative pleading for this action. (ECF 32.) The named Defendants in the amended complaint are: (1) Fishkill Deputy Superintendent of Security Stevenson; (2) Correctional Officer Rodriguez; (3) Correctional Lieutenant Frank Carbone; (4) Correctional Sergeant Gregory Yahm; and (5) Fishkill Medical Director Dr. Zammilus.[2] In the amended complaint, Plaintiff reasserts the allegations against Correctional Officer Rodriguez regarding the assault and the poisoning, and he makes more detailed allegations about medical conditions for which he is not receiving care, some of which appear to arise from his prison job. (*Id.* at 4-5.) He alleges that the other individual Defendants failed to process his grievances, and kept him housed in the same area where Correctional Officer Rodriguez works, even after he complained about the assault. (*Id.* at 6.) There are also new allegations about exposure to mold, poor water quality, asbestos, lead paint, and smoke. (*Id.* at 4-5.)

A.      **Pending motion to dismiss**

In light of the filing of the amended complaint, ECF 37, the Court denies the motion to dismiss the original complaint without prejudice.

---

[2] The amended complaint replaces, rather than supplements, the original complaint. In his amended complaint, Plaintiff does not name Superintendent Daye and Commissioner Martuscello as Defendants or make any allegations against them, so the Court deems the claims against those defendants abandoned.

2

**B.      Order of service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the new Defendants[4] through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for those Defendants. The Clerk of Court is further instructed to

issue summonses and deliver to the Marshals Service all the paperwork necessary for the

Marshals Service to effect service upon the new Defendants.

If the amended complaint is not served on the new Defendants within 90 days after the

date the summonses are issued, Plaintiff should request an extension of time for service. *See*

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued The Court therefore extends the time to serve those defendants named, for the first time, in the amended complaint until 90 days after the date that summonses are issued.

[4] Correctional Officer Rodriguez has already been served with process.

**C.    Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint, the new Defendants must serve responses to these standard discovery requests. In their responses, the new Defendants must quote each request verbatim.[5]

CONCLUSION

In light of the filing of the amended complaint, the Court denies the motion to dismiss without prejudice, and directs the Clerk of Court to terminate it. (ECF 27.)

The Clerk of Court is further instructed to issue summonses for the new Defendants (Deputy Superintendent of Security Stevenson; Lt. Frank Carbone; Sgt. Gregory Yahm; and Medical Director Dr. Zammilus), complete the USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The amended complaint, ECF 32, is the operative pleading.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated:    April 6, 2026
          White Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

[5] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

4

**SERVICE ADDRESS FOR NEW DEFENDANTS**

1.    Deputy Superintendent of Security Stevenson
      Fishkill Correctional Facility
      18 Stack Drive
      Beacon, NY 12508

2.    Dr. Zammilus
      Fishkill Correctional Facility
      18 Stack Drive
      Beacon, NY 12508

3.    Lt. Frank Carbone
      Fishkill Correctional Facility
      18 Stack Drive
      Beacon, NY 12508

4.    Sgt. Gregory Yahm
      Fishkill Correctional Facility
      18 Stack Drive
      Beacon, NY 12508